**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DAVID LEON SUTTLE,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )     **Case No. CIV-13-1099-HE** |
| | ) |
| **JOHN B. FOX, Warden,** | ) |
| | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner incarcerated at the Federal Correctional

Institution in El Reno (FCI-El Reno) and appearing pro se, brings this action

seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the

Federal Bureau of Prisons (BOP) has erred in the computation of his sentence

and in its refusal to issue a nunc pro tunc designation order. Petition, 3. United

States District Judge Joe Heaton has referred the case to the undersigned for

preliminary review and the entry of findings and recommendations as to

dispositive matters. Upon preliminary review under Rule 4 of the Rules Governing

2254 Cases in the United States District Courts,[1] the undersigned finds that

Petitioner has failed to show any error in the computation of his sentence or an

---

[1] Pursuant to Rule 1(b) of the Rules Governing 2254 Cases in the United States District Courts provides that the Rules may be applied to other habeas petitions in the Court's discretion.

abuse of discretion by the BOP in refusing to issue a nunc pro tunc designation order. Accordingly, it is recommended that the action be dismissed on filing.

## I. PROCEDURAL HISTORY

In this action, Petitioner challenges the execution of a federal prison sentence. As relief, he seeks credit for time spent in the Texas state prison system prior to the time he was received by the BOP to begin service of his federal sentence.

Petitioner is incarcerated at FCI-El Reno to serve a sentence of imprisonment entered by the United States District Court for the Western District of Texas, Midland Division, in Case No 7:07-CR-029-01 RAJ (felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)).[2] Petition, 2. In that case, United States District Judge Robert Junell accepted Petitioner's plea of guilty and sentenced him to 210 months imprisonment (to be followed by five years of supervised release). Petitioner's Exhibits and Attachments, App. 1A; ECF No. 3:2. In addition, Judge Junell made the following recommendations regarding Petitioner's imprisonment: that he serve his sentence at FCI-El Reno, receive the benefits of drug and alcohol abuse treatment programs while incarcerated,

---

[2] Petitioner has both referenced the procedural history of his federal and state cases and provided copies of some documents from his federal criminal proceeding. *See e.g.* Petitioner's Exhibits and Attachments, App. 1A. The undersigned hereby takes judicial notice of the entire procedural history of the federal criminal proceeding by reference to the official docket in Case No 7:07-CR-029-01 RAJ, United States District Court for the Western District of Texas, Midland Division.

participate in the Bureau of Prisons' Inmate Education Program, participate in the Bureau of Prisons Inmate Job Training Program, and remain incarcerated "pending service of sentence." Judgment, Case No. 7:07-CR-029-01 RAJ, p. 2 (ECF No. 32:2). The Judgment does not refer to any other pending criminal cases, state or federal, and is silent as to whether the sentence is concurrent or consecutive to an extant sentence in any other criminal case.

Petitioner alleges that on November 26, 2006, he was arrested in Midland, Texas, on a charge of aggravated assault with a deadly weapon. Petitioner's Petition for Habeas Corpus Relief to 28 U.S.C. § 2241, 2-3 ("Brief in Support of Petition") (ECF No. 2:2). While housed in the Midland County Jail, Petitioner was indicted for being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

While the state charges were pending, a writ of *habeas corpus ad prosequendum* was issued as to Petitioner in aid of prosecution on the federal charge. *See* Case No 7:07-CR-029-01 RAJ, United States District Court for the Western District of Texas, Midland Division, ECF No. 10 (Mar. 28, 2007).[3] Upon his initial appearance in federal court, Petitioner was ordered temporarily detained without bond. *Id.* at ECF Nos. 11-13 (Apr. 3, 2007); Petitioner

---

[3] The undersigned is aware of Petitioner's allegation that no writ of habeas corpus ad prosequendum was issued, but that is clearly inconsistent with the official court records in his federal criminal case. *Compare* Brief in Support of Petition, 6 *with* Case No 7:07-CR-029-01 RAJ, United States District Court for the Western District of Texas, Midland Division (ECF Nos. 9-10, 22).

thereafter waived his detention hearing, whereupon an order of detention without bond was entered. *Id.* at ECF Nos. 16-20 (Apr. 5, 2007). Not long after, Petitioner pleaded guilty to the federal charge, and consented to have a United States Magistrate Judge administer the guilty plea and allocution. *Id.* at ECF Nos. 25-27. Magistrate Judge L. Stuart Platt recommended that the guilty plea be accepted, and that recommendation was adopted. *Id.* at ECF Nos. 28, 30. As noted, Petitioner was sentenced on August 7, 2007; he alleges, "while detained and awaiting to be transferred to the BOP, the U.S. Marshals appeared and transported him back into state custody where he would remain until January 8, 2009." Brief in Support of Petition, 7. Although Petitioner does not allege the exact date upon which this occurred, his allegation that he was sentenced in the state aggravated assault case on August 16, 2007, supports an inference that he was returned to state custody sometime between August 7 and August 16, 2007. *See id.* at 3.

## II. PETITIONER'S GROUNDS FOR RELIEF

Petitioner alleges that he was released from Texas state custody "after he filed a state writ of habeas corpus alleging his time had expired under the state sentence." Brief in Support of Petition, 3. In 2013, long after his 2009 transfer to federal custody, Petitioner began pursuing administrative remedies with respect to credit issues, arguing that his federal sentence and state sentence arose out

of the same facts and requesting a nunc pro tunc designation by the BOP that would effectively render his state and federal sentences concurrent. Brief in Support of Petition, 3. In his initial administrative complaint to the BOP, Petitioner stated:

> I am requesting that my computation be calculated in accordance to the actual dates. That is, 1) I was committed to the B.O.P. on 8/07/2007, and not the date of 2/24/2009. 2) My computation actual began on 8/07/2007, and not the date of 1/08/2009. Also, I am requesting to be credited the jail time which commenced on 11/26/2006 til 8/07/2007, which is a total of 256 days. See 18 U.S.C. § 3585.

Petitioner's Exhibits and Attachments, App. 3A; ECF No. 3:5. He requested that his "computation be modified to reflect the actual dates as well the actual credit that should be awarded. Especially, when considering I was sentenced in the feds first." *Id.*

The unit counselor's response was that "you were primary state custody & your state sentence ended on 1-8-09. Your federal sentence was imposed on 8-7-07, but your state sentence was still running. Your fed sent is consecutive w/ your state sentence & therefore cannot begin until your state sentence expired." *Id.*

Petitioner replied, correctly, that he did not have a state sentence on 8/07/07 because his state sentence was imposed on 8/16/2007. *Id.* at ECF No.

3:5. He added that his state case was "related" to his federal case. *Id.* In his appeal from the warden's response,[4] he argues that the warden misconstrued his contention, and that he was simply stating that he was sentenced in his federal case on August 7, 2007, and in his state case on August 16, 2007. Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3:7. He states: "Upon being sentenced by the State the sentencing Judge ordered my time to run concurrent with the Federal Sentence handed down on August 7, 2007. Therefore, my Federal sentence should have been computated commencing as of August 7, 2007. Which was the date I was sentenced." *Id.*

The Regional Director denied the appeal on April 15, 2013. First, it was noted that 18 U.S.C. § 3585(b) allows the award of presentence credit for time spent in official detention prior to the date of commencement *that has not been credited to another sentence.* Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3:8 (emphasis added). Second, Petitioner was referred to Program Statement 5880.28, Sentence Computation Manual, which states that time spent under a writ of habeas corpus will not be considered for custody credit because the federal court only "borrows" the individual for the purpose of a court appearance, and production of a defendant under a federal writ does not shift

---

[4] Petitioner notes that he "inadvertently misplaced his BP-9 response," and so the warden's response is not in Petitioner's Exhibits and Attachments. Brief in Support of Petition, 5 n. 1.

the primary jurisdiction of custody to the federal authorities. *Id.* Third, the Regional Director confirmed that Petitioner had received credit on his state sentence for all time served from November 22, 2006 to January 8, 2009. *Id.*

Because Petitioner was not entitled to credit on his federal sentence for time spent in custody prior to January 8, 2009, the Regional Director construed the request as one for a nunc pro tunc designation of the place of incarceration—which if granted has the same effect as if the state and federal sentences were concurrent. Petitioner's Exhibits and Attachments, Att. 3A; ECF Nos. 3:8, 3:9. Petitioner's request was therefore forwarded to the Designation and Sentence Computation Center for a determination as to whether a nunc pro tunc designation should be made, and he was instructed to pursue his request under Program Statement 5160.05. *Id.* at ECF No. 3:9. Petitioner was also advised that he could appeal the Regional Director's decision to the Administrative Remedy Section in Washington, D.C. *Id.*

Petitioner appealed, reiterating his claim that his federal sentence should be calculated as beginning on August 8, 2007, because he was sentenced prior to his sentence in the state aggravated assault case. Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3:10. For the first time, Petitioner also noted that he had actually served more than the 24 month sentence in his state case (and in fact had to file for a state writ of habeas corpus to obtain his release to federal

custody), leaving 44 days that had not been credited to either his state or federal sentence. *Id.*

The National Inmate Appeals Administrator Harold Watts responded on August 28, 2013, denying Petitioner's appeal. Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3:11-12. Mr. Watts relied again on the fact that the state had primary custody of Petitioner from November 26, 2006, until January 8, 2009. *Id.* at ECF No. 3:11. He also added that because the federal judgment was silent as to the "forthcoming state sentence" Petitioner's federal sentence was calculated as consecutive to the state sentence in accord with 18 U.S.C. § 3584(a). *Id.* Furthermore, he referred Petitioner to 18 U.S.C. § 3585(b), which precludes application of time to a federal sentence if that time has already been credited against another sentence. *Id.* However, he stated that Texas law enforcement personnel had confirmed that 41 days of Petitioner's time had not been credited to any sentence and so the BOP had credited that time to Petitioner's current federal sentence. *Id.*

With regard to Petitioner's request for a nunc pro tunc designation, Mr. Watts determined that the nunc pro tunc designation would not be consistent with the goals of the criminal justice system. Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3:12. He found three factors under 18 U.S.C. § 3621(b) to be relevant to that determination: the fact that Petitioner was

convicted for being a convicted felon in possession of a firearm; the prior convictions referenced in the Presentence Investigation Report (burglary, uttering a forged instrument, traffic violations, negligent homicide, possession of a controlled substance with intent to distribute, simple assault, distribution of a controlled substance, reckless conduct, and possession with intent to distribute marijuana); and the fact that the federal sentence was silent as to the relationship between it and the impending state sentence. *Id.* With regard to this last factor, Mr. Watts noted that the sentencing court was contacted regarding its opinion as to a retroactive designation, but no response was received.

In this action, Petitioner's sole ground for habeas relief is that the BOP has erred in the computation of his sentence and in its refusal to issue a nunc pro tunc designation order. As relief, Petitioner requests the following: "I am seeking to be credited for the time I spent in State prison as the place of service of my federal sentence. Also, I am requesting the BOP issue a Nunc Pro Tunc designation in relation to the State prison as the service of my federal sentence."

### III. ANALYSIS

Petitioner seeks credit for the time spent in state custody on two alternative theories: that the BOP has incorrectly computed his sentence; and that the BOP should designate the Texas state prison where he was incarcerated previously "as the place of service of my federal sentence." Petition, 6.

**A. Computation of Petitioner's Sentence.**

The Tenth Circuit has instructed that "[t]he computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006). First, the Court determines the commencement date of the federal sentence and then considers the extent to which the defendant can receive credit for time spent in custody prior to the commencement of sentence. *Id.* (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)). The BOP's calculation of a federal term of imprisonment is governed by a statute entitled "Calculation of a term of imprisonment":

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was
>
> imposed; or
>
> (2) as a result of any other charge for which the

defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.

When two sovereigns claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes*, 301 F.3d at 1180. This "rule of comity" requires the second sovereign "to postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody." *Id.*

From his allegations, Petitioner apparently recognizes that if he were taken into federal custody pursuant to a federal writ of *habeas corpus ad prosequendum*, he would have been merely "borrowed" from the Texas state authorities and remained in the primary custody the State of Texas during his prosecution on the federal offense. *See* Brief in Support of Petition, 4, 6 ("there was never a writ of *habeas corpus ad prosequendum* filed to transfer him into federal custody" and this "is simply a case where the State of Texas relinquished its primary custody to the U.S. Government"). However, as noted above, the official court docket for the federal criminal case that resulted in Petitioner's current imprisonment clearly shows that he was taken from State custody and

11

delivered to the federal authorities pursuant to a writ for *habeas corpus ad prosequendum:*

> TO THE Midland County Sheriff
>
> GREETINGS:
>
> You are hereby commanded to surrender and deliver unto the United States Marshal for the Western District of Texas, or his duly authorized representative, the body of David Leon Suttle, a prisoner in your custody, for appearance in this Court on instanter ... there to remain in the custody of the said Marshal or his duly authorized representative, during the proceedings in the above styled and numbered cause, and upon termination of such proceedings to return the said defendant to the custody of the Midland County Jail.

Case No 7:07-CR-029-01 RAJ, United States District Court for the Western District of Texas, Midland Division, ECF No. 10 (Mar. 28, 2007) (Platt, M.J.). Accordingly, the State of Texas never surrendered its primary custody over Petitioner, and his federal sentence did not begin to run until he was returned to federal authorities following the service of his state sentence. *See Williams v. Taylor*, 327 F.2d 322, 323 (10th Cir. 1964) ("When a state surrenders one of its prisoners to the federal government for the purpose of trial on charges pending there, a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal

12

institution for service of his sentence."); *see also Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) (same).

The second issue that must be considered in determining the calculation of a federal sentence is whether the sentence is concurrent with or consecutive to any other sentence. Under 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as Petitioner's state and federal sentences, run consecutively absent an affirmative order of the federal sentencing court that they run concurrently. Petitioner has attached one page of the judgment in his federal criminal case. *See* Petitioner's Exhibits and Attachments, App. 1A. Neither that page nor the entire six pages of the judgment contain any affirmative order that Petitioner's federal sentence is to run concurrently to any other sentence. *Id.*; Case No 7:07-CR-029-01 RAJ, United States District Court for the Western District of Texas, Midland Division, ECF No. 32 (Aug. 7, 2007). Petitioner does allege that the judgment of conviction in his state case contains language that his state sentence should run concurrently to his federal sentence; however, the state court's subsequent decision to make its sentence concurrent with Petitioner's federal sentence does not change the statutory rule that a federal sentence is consecutive unless the federal court judgment affirmatively states otherwise. If it is within a federal district court's discretion to order that a defendant's sentence run consecutively to an *anticipated* state sentence, then

that discretion cannot be thwarted by a subsequent state court's pronouncement of concurrency. *See Setser v. United States*, __ U.S. __, 132 S. Ct. 1463, 1473 (2012).[5]

Therefore, based upon the Petition, the materials attached thereto, and the official documents contained in the federal criminal case that Petitioner references, the undersigned finds that the BOP correctly determined that Petitioner's federal sentence commenced on January 8, 2009, when he completed his state sentence and was received into federal custody for the purpose of serving his federal sentence.

**B. Nunc Pro Tunc Designation**

The BOP has the authority pursuant to 18 U.S.C. § 3621(b) to designate the place of a federal prisoner's imprisonment. The administrative procedures for the designation of a state institution for concurrent service of a federal sentence are set forth in BOP Program Statement 5160.05 (Designation of State Institution for Service of Federal Sentence, Jan. 16, 2003). This program statement also provides for consideration by the BOP of an inmate's request for nunc pro tunc designation allowing credit toward a federal sentence for time spent in service of

---

[5] The undersigned notes that Petitioner cannot (at least in this action) challenge the federal sentencing court's judgment—which by its silence rendered his federal sentence consecutive to his state sentence. Such a challenge would go to the conviction itself rather than its execution. However, the statutory rule and its construction are also germane when considering the correctness of the BOP's sentence calculation.

a state sentence. *Id.* at p. 4-5 (5160.05, ¶ 9.b(4)). However, the BOP can exercise this authority only when "it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." *Id.* at 4 (5160.05, ¶ 8).

Petitioner concedes that the BOP exercised its authority and conducted a review of his request for a nunc pro tunc designation. However, he contends that the BOP abused its discretion because the BOP failed to await a response from the sentencing court regarding the court's opinion regarding a retroactive designation. Brief in Support of Petition, 8. He claims that when it failed to get a response, the BOP "flat out" denied his request: "Therefore, Petitioner[s] assertion has not been assiduously adjudicated." *Id.* at 9. For the following reasons, the undersigned finds that Petitioner has failed to demonstrate that the BOP abused its discretion.

Pursuant to BOP policy, the Regional Director considered and made a decision regarding Petitioner's request for concurrent sentence designation. *See* Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3: 11-12. The Regional Director clearly explained the reasons for the BOP's refusal to exercise its discretion to issue a nunc pro tunc designation, and noted that the sentencing court had been contacted. *Id.* at ECF No. 3:12. Although no response was received from the sentencing court, this does not show an abuse of discretion on

the part of the BOP. Indeed, the applicable program statement states that "[n]o letter need be written if it is determined that a concurrent designation is not appropriate." PS 5160.05(9)(b)(4)(e). If no letter need be written, the undersigned is hard-pressed to find that a BOP decision denying concurrent designation in the absence of a response to such a letter shows an abuse of discretion. The response to Petitioner's request shows that full and fair consideration was given, and reasons for the decision ultimately reached are contained in the Regional Director's response. The undersigned notes that when Petitioner's initial attempt to receive credit for time spent in state prison was denied, it was the BOP that encouraged him to seek a nunc pro tunc designation. *See* Petitioner's Exhibits and Attachments, Att. 3A; ECF No. 3: 8-9.

Any reliance on the internal requirements of the program statement regarding nunc pro tunc designations to create a due process interest "is clearly misplaced, á la *Hewitt v. Helms*, 459 U.S. 460, 469–72 & n. 6 (1983)...." and *Barden v. Keohane,* 921 F.2d 476, 481 (3rd Cir. 1991). Petitioner is merely entitled to have the BOP consider his claim and decide it by exercising the statutory discretion given to it by Congress. *Id.* His own allegations and attachments show he received that consideration. The undersigned finds nothing in the Petition or supporting materials that would support a grant of federal habeas relief on grounds the BOP abused its discretion by denying a nunc pro

tunc designation. *See Powell v. Baker*, No. 03-3090, 2003 WL 22872691, at *2 (10th Cir. Dec. 5, 2003) (unpublished decision) (no abuse of discretion where record showed that BOP gave full and fair consideration to request before denying it); *McCarthy v. (FNU)(LNU), Warden*, No. 05-3232, 2006 WL 392118, at *1 (10th Cir. Feb. 21, 2006) (unpublished decision) (finding in light of federal prisoner's criminal history and prior convictions, BOP did not abuse its discretion when it declined to designate a state institution for service of prisoner's federal sentence).

For the reasons discussed above, the undersigned finds that the BOP is properly executing Petitioner's federal sentence and did not abuse its discretion in declining to designate a state prison as a place of federal confinement nunc pro tunc. Accordingly, Petitioner is not entitled to habeas relief, and it is recommended that this action be dismissed on filing.

## RECOMMENDATION

In light of the foregoing, it is recommended that this action seeking a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** on filing. Petitioner is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 2, 2013**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to make timely objection to this Report

and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **disposes of all issues** referred to the undersigned, and thus the referral is terminated.

**ENTERED** on November 13, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE